**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Stanley Park, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action 6:26-cv-2221-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Eugene J. Corcoran and Eric Komitee, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Stanley Park, proceeding *pro se* and *in forma pauperis*, (ECF No. 6), filed this civil action, asserting the following allegations against the named defendants: (1) "defendant Eric Komitee do not dress properly for work"; and (2) "Eugene J. Corcoran fail to supervise[.]" (ECF No. 1). Now before the court is the magistrate judge's[1] report and recommendation ("Report"), recommending the court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 7). The magistrate judge informed Plaintiff of his right to file objections to the Report, (*id*. at 17), and the Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 10). Plaintiff failed to file objections to the Report, and his deadline to do so has now passed.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific

---

[1] This matter was referred to a magistrate judge for all pretrial proceedings in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

1

objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v.*

*Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## CONCLUSION

Accordingly, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's recommendation in the Report. (ECF No. 7).  This action is hereby dismissed without prejudice, without leave to amend, and without issuance and service of process.

s/Timothy M. Cain
Chief United States District Judge

June 26, 2026
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.